UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. CV 09-0136 CBM                Date: April 15, 2010

Title:   *United States v. Kim*
========================================================================
ORDER TO SHOW CAUSE Re: Application for Writs of Garnishment
========================================================================
PRESENT:

    The Honorable <u>CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE</u>

| <u>JOSEPH LEVARIO</u> | <u>      N/A      </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:
N/A                                                                  N/A

**PROCEEDINGS:**

The matter before this Court is Plaintiff the United States of America's *Ex Parte* Application for Writ of Garnishment directed to MetLife, filed on January 7, 2009. [Docket Nos. 1-2.]   In its Application, the Government asks this Court to issue a Writ permitting it to garnish assets/property owned by Defendant John Kim and currently held by MetLife.

This matter came on for Hearing on May 4, 2009, with five (5) other Applications for Writs of Garnishment the Government filed in a related case, *United States v. Kim*, CV 08-0818 CBM (MANx). At the Hearing, the Court asked the Government whether "Writ of Garnishment", as opposed to "Writ of Execution", was the proper procedural device for satisfying the judgment against Defendant John Kim.

On May 14, 2009, the Government lodged revised Orders for Writs of Garnishment in the 08-0818 case.  Although the instant 09-0136 case concerns the Application for Writ of Garnishment directed to MetLife, the Government lodged its revised Order for Writ of Garnishment for MetLife in the 08-0818 case.  In its "Notice of Lodging of Revised Orders for Issuance of Writs of Garnishment" that accompanied those revised Orders, the Government wrote that whereas 28 U.S.C. section 3203(a) governs "Writs of Execution", 28 U.S.C. section 3205(a) permits a court to issue a writ of garnishment.

Despite the foregoing attempt to cure the Application for Writ of Garnishment directed to MetLife, the Court nevertheless finds that the Government's Application is defective.

The Fair Debt Collections Act permits the Government to garnish property of a debtor in order to satisfy a judgment against the debtor.  The Government correctly notes that title 28 of the United States Code section 3205(a) permits a court to:

> issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession,

      custody or control of a person other than the debtor.  Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the laws of the State in which such property is located.  A court may issue simultaneous separate writs of garnishment to several garnishees.  A writ of garnishment issued under this section shall be continuing and shall terminated only as provided

by law.  Sections 3205(b) and 3205(c) explicitly lay out the steps the Government must take to obtain a writ of garnishment.  As explained below, sections 3205(b) and 3205(c) require the Government to file/lodge: (1) an application for writ of garnishment; (2) a draft, or proposed, writ; and (3) notices to the judgment debtor and garnishee which must accompany/or otherwise be included in the writ.

<u>Application for Writ</u> - First, pursuant to section 3205(b) the "United States shall include in its application for a writ of garnishment: (A) the judgment debtor's name, social security number (if known), and last known address; and (B) the nature and amount of the debt owed and the facts that not less than 30 days has elapsed since demand on the debtor for payment of the debt was made and the judgment debtor has not paid the amount due."

The Application for Writ of Garnishment for MetLife contains all the requisite information.

<u>The Writ</u> - Next, sections 3205(c)(1) and 3205(c)(2) provide that: "If the court determines that the requirements of this section are satisfied, the [c]ourt shall issue an appropriate writ of garnishment" which "shall state: (A) the name and amount of the debt, and any cost and interest owed with respect to the debt; (B) the name and address of the garnishee; (C) the name and address of counsel for the United States; (D) the last known address of the judgment debtor; (E) that the garnishee shall answer the writ within 10 days of service of the writ; (F) that the garnishee shall withhold and retain any property in which the debtor has substantial nonexempt interest and for which the garnishee is or may become indebted to the judgment debtor pending further order of the court."

The draft Writ directed to MetLife is defective because it does not contain the last known address of the judgment debtor, Defendant John Kim.  Therefore, the Government must include the last known address for Mr. Kim in its draft Writ.

<u>Notices to Garnishee and Judgment Debtor</u> - Third, section 3205(c)(3), provides that the "United States shall serve the garnishee and judgment debtor with a copy of the writ of garnishment and shall certify to the court that this service was made.  The writ shall be accompanied by: (A) an instruction explaining the requirement that the garnishee submit a written answer to the writ; and (B) instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections."

The record before the Court does not contain a Notice to the judgment debtor.  It appears to the Court that the Government either did not file or did not lodge a Notice with its papers.  Therefore, the Government must submit a Notice to Mr. Kim that comports with section 3205(c)(3).

Based on the foregoing, the Court finds that the Application for Writ of Garnishment directed to MetLife is insufficient.

Based on the foregoing, the Court hereby **orders the Government to either: (1) show cause no later than April 22, 2010, why the Court should not deny** the Government's Application for Writ of Garnishment directed to MetLife; or **(2) cure the foregoing defects and comply with section 3205 no later than April 22, 2010**, at which time this Court will vacate this order to show cause and Order the Clerk of Court to issue the Writ of Garnishment.

    IT IS SO ORDERED.

Initials of Deputy Clerk_____
cc:    Judge Marshall
        Parties of Record